## TEXAS BOARD OF PARDONS AND PAROLES, et al., Relators,

v.

### The Honorable Mary Pearl WILLIAMS, Presiding Judge, 53rd District Court of Travis County, Respondent.

#### No. 73053.

Court of Criminal Appeals of Texas, En Banc.

April 24, 1998.

Kurt M. Sauer, Raould D. Schonemann, Maurie A. Levin, Austin, for relators.

Margaret Portman Griffey, Asst. Atty. Gen., Matthew Paul, State's Atty., Austin, for the State.

---

**BAIRD, Judge, concurring and dissenting.**

I agree mandamus relief is appropriate in this cause. *See, State ex rel. Holmes v. Honorable Court of Appeals for Third Dist.,* 885 S.W.2d 389 (Tex.Cr.App.1994). However, that does not resolve the larger issue, namely, whether commutation requests are accorded the amount of due process required under the federal constitution. *Ohio Adult Parole Authority v. Woodard,* —— U.S. ——, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998). Believing this Court, on its own motion, should stay the execution and remand this cause to the convicting court to resolve this issue, I dissent.

## I.

The Texas Board of Pardons and Paroles (hereinafter, the "Board"), refuses to follow the procedures mandated by the Texas Constitution. Tex. Const., art. IV, § 11. And refuses to follow our statutes. Tex.Code Crim. Proc. Ann. art. 48.01; Tex. Admin. Code, Title 37, Chapter 143 et seq.

Article IV, Section 11 of the Texas Constitution requires the Board to "keep records of its actions and the reasons for its actions." The Attorney General *admits* no records are kept and offers only the specious argument that the Board's reasons for their votes are "the votes themselves." Petition for Writs of Prohibition and Mandamus, pg. 7.[1]

The Board's refusal to follow the law with apparent impunity is outlandish. I am troubled that the Attorney General and this Court choose to validate such obvious subversions of our Constitution and laws.

## II.

In *Ex parte Tucker,* 973 S.W.2d 950 (Tex. Cr.App.1998), a majority of this Court held "no minimum federal due process procedures apply to the manner in which executive clemency decisions are made in Texas." *Id.,* at 951 (McCormick, P.J. concurring, joined by Mansfield, Keller, Price, and Holland, JJ.). The United States Supreme Court has determined that position is incorrect. In *Ohio Adult Parole Authority v. Woodard,* —— U.S. ——, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998), five members of the Supreme Court agreed that "some minimal procedural safeguards apply to clemency proceedings." *Id.,* at ——, 118 S.Ct. at 1253.

The Attorney General contends that "any suggestion that Texas procedures are deficient when viewed in light of those at issue in *Woodard* is irrelevant and misleading." Petition for Writs of Prohibition and Mandamus, pg. 6. I disagree.

With no records kept by the Board, there is no way to determine whether the requirements of the Due Process Clause are being met. Because the execution of an inmate obviously renders moot the legal issue involved, this Court should, on its own motion, stay the imminent execution of Lesley Lee Gosch to determine what, if any, due process is being afforded commutation requests in the clemency process. Accordingly, I dissent.

---

1. In fact the "rationale" of the attorney general appears to me to be the very reason the Constitution mandates records be kept:

   "However, given that clemency historically is discretionary in nature and can be exercised or denied for a myriad of reasons, given that a grant or denial of clemency does not require a uniform rationale among agreeing members, and given the Legislature's failure to designate or require reasons, the votes themselves must be deemed the reasons."
   *Ibid.*